Case 3:03-cv-02318-K Document 22 Filed 04/26/05 Page 1 of 6 PageID 81

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 6 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID BRYAN DAVIS, #729869, )
    Petitioner, )
     )
v. ) No. 3:03-CV-2318-K
     )
DOUGLAS DRETKE, Director, Texas )
Department of Criminal Justice, Correctional )
Institutions Division, )
    Respondent. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Background

On September 11, 1995, Petitioner pled guilty to aggravated sexual assault of a child under the age of fourteen. *State v. Davis*, No. F95-46112-T (283rd Dist. Ct., Dallas County, Tex., Sept. 11, 1995). Petitioner was sentenced to fifty years imprisonment. On December 2, 1997, the Fifth District Court of Appeals affirmed the conviction. *Davis v. State*, No. 05-95-01293-CR (Tex. App. – Dallas, 1997, no pet.). On January 26, 1998, Petitioner filed a motion for extension of time to file a petition for discretionary review. The court granted Petitioner until February 2, 1998, to file his PDR. Petitioner failed to file a PDR.

On June 18, 2002, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Davis*, Application No. 53,523-01. On October 9, 2002, the Court of Criminal Appeals denied

Findings, Conclusions and Recommendation
of the United States Magistrate Judge     Page -1-

the petition without written order. *Id.* at cover.

On October 1, 2003, Petitioner filed this federal petition. He argues: (1) prosecutors obtained his confession unlawfully; (2) he was denied the effective assistance of counsel; and (3) his conviction was obtained in violation of his right to be free from self-incrimination.

On October 14, 2003, the Court ordered Petitioner to show cause why the petition is not barred by the statute of limitations. On January 9, 2004, and March 23, 2005, Petitioner filed responses. The Court now finds the petition is time-barred.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -2-

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

On December 2, 1997, the Fifth District affirmed Petitioner's conviction. Petitioner filed a motion for an extension of time to file a petition for discretionary review. The court granted Petitioner until February 2, 1998, to file his petition. Petitioner argues that he mailed his petition on January 14, 1998. Respondent submitted the prison mail logs from December 2, 1997, through February 2, 1998. On January 14, 1998, Petitioner sent mail to the Clerk of the Fifth District Court of Appeals. The Fifth District's docket sheet shows that the only filing it received from Petitioner was the January 26, 1998, motion for extension of time. The Court granted Petitioner an extension of time until February 2, 1998. As of March 11, 1998, Petitioner had filed no PDR. The Court then issued mandate on March 24, 1998.

The Court finds, therefore, that the conviction became final ninety days after the February 2, 1998, deadline for filing the PDR, or on May 4, 1998. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state

---

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until May 4, 1999, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 18, 2002, Petitioner filed a state habeas petition. This petition was filed after the limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition on or before May 4, 1999, to avoid being time-barred. He did not file his petition until October 1, 2003. His petition is untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to tolling because he mailed a PDR to the Court of Criminal Appeals, but the Court failed to file his petition. As discussed above, Petitioner filed a motion for extension of time to file a PDR, which the court granted. Petitioner did not file a

PDR within the extended deadline. Petitioner has not shown that he diligently pursued his habeas remedies. *See Coleman,* 184 F.3d at 402 (5th Cir. 1999). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 26 day of April, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE